## Hagerty et ux. v. The Pennsylvania Company, etc.

*H. Eugene Gardner*, for plaintiffs.
*Smillie & Bean*, for defendant.

CORSON, J., January 6, 1942.—The present nonsuit was granted because of the fact that neither counsel for plaintiffs nor plaintiffs themselves appeared in court when the case was called for trial. Defendant's

counsel made a motion for a nonsuit which was granted. The present motion to take off such nonsuit was then filed.

In the motion counsel for plaintiffs alleges that counsel for defendant waited until late in the afternoon to make the motion. It might be proper to say that the time for making the motion was not within the discretion of defendant since counsel for defendant was not able to control the time when the case might be called for trial. The calling of the cases is within the control of the deputy prothonotary and at about 4 p.m. on the day in question the present case was reached. According to the officers present every effort had been made to reach counsel for plaintiffs even prior to the time that the case was called but he could not be located at either his Montgomery County or his Philadelphia office. The only excuse given by counsel is that he did not expect that the case would be reached. If he intended, however, to leave he should have gotten in touch with counsel for the other side so that such counsel might also release his witnesses until the following day. Under such an agreement certainly counsel would not, and could not, move for a nonsuit. On the day fixed for the present argument counsel for plaintiffs again could not be located and at the end of the day the motion was dismissed for want of prosecution. The following day counsel appeared and desired to argue the motion but gave no excuse whatever for his failure to appear on the day fixed.

While the motion had already been dismissed for want of prosecution, yet after considering the argument of counsel upon the merits we feel that the motion should have been dismissed in any event. As counsel states, the statute of limitations has not expired and the only penalty will be the starting of a new suit.

And now, January 6, 1942, the action of the court in refusing the motion to take off nonsuit, entered on December 8, 1941, is reaffirmed.